IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE D. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-707-CB-N |
| | ) | |
| CHERYL PRICE, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner has filed a Motion to Dismiss (doc. 5) his petition brought pursuant to 28 U.S.C. §2241. The habeas petition was filed on October 28, 2009 (doc. 1). Petitioner alleges that this voluntary dismissal, without prejudice, is necessitated by current limitations on his access to the law library imposed by the facility in which he is incarcerated. This matter has been referred to the undersigned pursuant to 28 U.S.C. 636 and Local Rule 72.

According to petitioner, he is currently in federal custody following the revocation of his supervised release in 2004, but the Bureau of Prisons has not properly credited him for time spent in state custody on a bailable offense while he was also being held on a federal detainer. Had this action been brought pursuant to 28 U.S.C. §2255, his petition would have been barred by the one-year limitations period applicable to that section. The court makes no determination at this stage of the action whether his claim is properly brought under §2241 rather than §2255, but notes that, if not, any additional delay due to the dismissal of this action would not affect the timeliness of his petition. Similarly, if it is brought properly under §2241, the limitations period does not apply. There is thus no apparent prejudice to petitioner from the dismissal.

Accordingly, it is hereby RECOMMENDED that petitioner's Motion to Dismiss be

GRANTED, and this action DISMISSED without prejudice upon motion of the petitioner. Dismissal will also render the pending Motion for Copies (doc. 2) and Motion to Appoint Counsel (doc. 3) Moot; the undersigned RECOMMENDS that these motions be DENIED as MOOT.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 26th day of January, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                               /s/ Katherine P. Nelson
                                               UNITED STATES MAGISTRATE JUDGE